## SETTLEMENT AGREEMENT AND RELEASES

This Settlement Agreement and Releases ("Settlement" or "Agreement")[1], dated as of July 25, 2024, is entered into by Plaintiff, Frankie Lipsett, individually and on behalf of the Settlement Class, and Defendant Popular Bank ("Popular Bank"). The Parties hereby agree to the following terms in full settlement of the action styled *Lipsett v. Banco Popular North America*, No. 22-cv-3901 (S.D.N.Y.) (hereinafter, referred to as the "Action"), subject to Final Approval by the United States District Court for the Southern District of New York (the "Court").

## I.    Procedural History and Recitals

1.    Plaintiff Lipsett filed a putative class action Complaint on May 13, 2022, alleging a claim for Breach of Contract on his behalf and on behalf of persons similarly situated.

2.    The claims are based on Popular Bank's standardized Personal Banking Disclosure Agreement (PBDA), drafted by Popular Bank. Plaintiff Lipsett alleged that in breach of certain contractual promises in the PBDA, Popular Bank assessed overdraft  fees ("OD Fees") on what are sometimes called "Authorize Positive, Settle Negative Transactions" ("APSN Transaction" or "APSN Transactions"), where a bank assesses OD Fees on a transaction that overdraws the account when it settles although the transaction had previously been the subject of an authorization to the merchant that was issued against sufficient available funds.

3.    Popular Bank moved to compel arbitration on September 8, 2022, which the District Court denied December 9, 2022.

4.    Popular Bank appealed December 22, 2022, and the case was stayed pending appeal on January 9, 2023.

---

[1] All capitalized terms herein have the meanings ascribed to them in Section II or various places in the Agreement.

5.      The Court of Appeals affirmed the denial of the Motion to Compel Arbitration by Summary Order, and the Mandate issued January 31, 2024.

6.      After the Action was remanded, before Defendant filed its planned Motion to Dismiss, and before Discovery resumed, the Parties scheduled a mediation and requested an adjournment of the scheduled case management conference pending mediation.  On March 19, 2024, the Court adjourned all deadlines sine die.

7.      Defendant produced, on a confidential basis and subject to mediation privilege, a large quantity of transactional data regarding OD Fees on APSN Transactions, which Plaintiff's counsel analyzed.

8.      On May 2, 2024, the Parties participated in a full-day mediation session with Hon. José Fusté (Ret.), in San Juan, Puerto Rico. The Parties reached an agreement in principle and signed a Term Sheet that day.

9.      On May 9, 2024, the Parties notified the Court of the Settlement, confirming their agreement in principle and requesting that the Court stay all deadlines in the Action until July 11, 2024, for the Parties to finalize this Agreement.  The Court granted that application on May 9, 2024.

10.     The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Action, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could

have been asserted in the Action. Nothing contained in this Agreement shall be used or construed as an admission of liability and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiff has entered into this Agreement to liquidate and recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiff does not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiff, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    AGREEMENT

### 1. DEFINITIONS

**1.1.**    "Account" means any Popular Bank consumer checking account during the Class Period.

**1.2.**    "Accountholder" means any Person who has or had any interest, whether legal or equitable, in an Account during the Class Period.  It includes Current Accountholders and Past Accountholders.

**1.3.**     "Attorneys' Fees and Costs" means the attorneys' fees and costs related to this Settlement Agreement that Class Counsel intend to seek under Section 10 of this Settlement Agreement, which will be paid out of the Settlement Amount.

**1.4.**    "Popular Bank" or "Defendant" means Defendant Popular Bank.

**1.5.**    "<u>Popular Bank's Counsel</u>" or "<u>Defendant's Counsel</u>" means counsel retained for the defense of the Action, Weiner Brodsky Kider PC.

**1.6.**    "<u>CAFA Notice</u>" means notice of this proposed settlement to the appropriate Federal Official and appropriate State Officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**1.7.**    "<u>Complaint</u>" means the operative Complaint filed in the Action.

**1.8.**    "<u>Class Counsel</u>" means Jeffrey Kaliel of KalielGold PLLC and Michael R. Reese of Reese LLP.

**1.9.**    "<u>Class Fees</u>" means OD Fees which were assessed to an Account and not refunded, in connection with: a debit card or other ATM transaction that was the subject of an authorization made on or before April 15, 2020; or a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020; but not including OD Fees assessed on or before August 6, 2018, against members of the settlement class in *Valle v. Popular Community Bank*, Index No. 653936/2012 (N.Y. Sup. Ct.).

**1.10.**    "<u>Class List</u>" means the list of all Settlement Class members and their current or last known postal address and email address (if available), as they appear on Popular Bank's existing records, to be provided by Popular Bank to the Settlement Administrator for the purpose of disseminating Notice, as updated by the Settlement Administrator.

**1.11.**    "<u>Class Notice</u>" means the notice of this Settlement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement and approved by the Court, consistent with the requirements of Due Process and Rule 23, and substantially in the form of *Exhibit 1* (Email Notice and Postcard Notice), and *Exhibit 2* (Long Form Notice), attached hereto.

4

**1.12.** "Class Period" means the time period beginning on May 13, 2016 and ending on the date of this Agreement.

**1.13.** "Class Representative" means Plaintiff Lipsett.

**1.14.** "Court" means the United States District Court for the Southern District of New York.

**1.15.** "Current Accountholder" means a Settlement Class Member who is an Accountholder of Defendant as of the date that Class Notice is sent, or as of the date that the Net Settlement Fund is distributed pursuant to this Agreement. Whether a Settlement Class Member is a Current Accountholder for purposes of distributing a Settlement Class Member Payment is determined as of the date of such distribution, and a Settlement Class Member who was a Current Accountholder when notice was provided may no longer be a Current Accountholder later, for purposes of the Settlement Class Member Payment.

**1.16.** "Effective Date" means the next business day following the last date on which a notice of appeal directed to the entry of the Final Approval Order and Final Judgment and Order of Dismissal could have been timely filed, despite the fact that no notice of appeal was filed; or, if a notice of appeal is filed, it shall mean the next business day after the Final Approval Order and Final Judgment and Order of Dismissal is affirmed, all appeals are dismissed, and no further appeal is permitted.

**1.17.** "Email Notice" means the short form of notice that shall be sent by email to Current Accountholders who have agreed to receive communications from Popular Bank by email, substantially in the form attached as *Exhibit 1*.

**1.18.** "Fee and Cost Award" means the amount of Attorneys' Fees and Costs, if any, awarded by the Court to Class Counsel pursuant to a motion made under Section 10 herein, which will be paid out of the Settlement Amount.

**1.19.** "Final Approval" means the approval of this Settlement by the Court at or following the Final Fairness Hearing, and entry of the Final Approval Order on the Court's docket in the Action.

**1.20.** "Final Approval Order" means a final order and judgment in which the Court gives Final Approval to the Settlement and dismisses with prejudice the Class Representative's and Settlement Class Members' claims and enters a judgment according to the terms set forth herein in the Action.

**1.21.** "Final Fairness Hearing" or "Final Approval Hearing" means the hearing at which the Court will consider and finally decide whether to approve this Settlement, enter the Final Approval Order, and make other such rulings contemplated by this Agreement in the Action.

**1.22.** "Final Judgment and Order of Dismissal" means a final judgment that dismisses the Action with prejudice following Final Approval of the Settlement pursuant to Fed. R. Civ. P. 58.

**1.23.** "Long Form Notice" means the form of notice that shall be posted on the Settlement Website and available to Settlement Class members by mail on request made to the Settlement Administrator, in substantially the form attached hereto as *Exhibit 2*.

**1.24.** "Motion for Final Approval" means the motion seeking Final Approval, the Fee and Cost Award, and Service Award.

**1.25.** "Motion for Preliminary Approval" means the motion seeking Preliminary Approval.

**1.26.** "Net Settlement Fund" means the Settlement Fund, minus any Court-approved Fee and Cost Award awarded to Class Counsel, any Service Award, and the Settlement Administration Costs.

**1.27.** "Notice Plan" means the plan for sending Class Notice to Settlement Class members, as set forth in Section 5.

**1.28.**    "APSN Fee" means an OD Fee an Accountholder was assessed on a transaction that overdraws the account when it settles although the transaction had previously been the subject of an authorization that was issued against sufficient funds.

**1.29.**    "OD Fee" means an overdraft fee that is assessed when a transaction is paid against non-sufficient funds.

**1.30.**    "Opt-Out Deadline" or "Objection Deadline" means 30 days before the Final Approval Hearing unless a different date is set by the Court.

**1.31.**    "Party" means each of the Plaintiff and Defendant, and "Parties" means Plaintiff and Defendant, collectively.

**1.32.**    "Past Accountholder" means a Settlement Class member who is not a Current Accountholder of Defendant as of the date that Class Notice is sent or as of the date the Net Settlement Fund is distributed pursuant to the Agreement.

**1.33.**    "Person" means a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**1.34.**    "Plaintiff's Counsel" refers to Jeffrey Kaliel of KalielGold PLLC, and Michael R. Reese of Reese LLP.

**1.35.**    "Postcard Notice" means the short form of notice that shall be sent by mail to Current Accountholders who have not agreed to receive notices from Popular Bank by email, to Past Accountholders, or to those whom the Settlement Administrator is unable to send Email Notice using the email address provided by the Defendant, substantially in the form attached as *Exhibit 1*.

**1.36.**    "Preliminary Approval" means preliminary approval of the Settlement Agreement by the Court, conditional certification of the Settlement Class, and approval of the method and content of the Class Notice to the Settlement Class Members.

**1.37.**    "<u>Preliminary Approval Order</u>" means the Order agreed upon by the Parties and attached to the Motion for Preliminary Approval.

**1.38.**    "<u>Released Claims</u>" means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description whether arising under federal, state, common or foreign law, that a Releasing Party has or may have asserted in the Action, or that it could have asserted or could assert, including assigned claims, whether known or Unknown Claims, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or un-accrued, latent or patent, contingent or non-contingent, liquidated or un-liquidated, at law or in equity, matured or un-matured, apparent or unapparent, arising out of or relating in any way to the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth or referred to in the Action or with regards to the Class Fees, in all cases including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses.  This release includes all claims or issues relating to OD Fee practices that were or could have been alleged in the Action, including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses.

**1.39.**    "<u>Released Parties</u>" refers to Popular Bank and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), Representative, employees, managers, administrators, and each Person or entity acting or purporting to act for them or on their behalf.

**1.40.** "Releasing Parties" means the Class Representative, Settlement Class Members, and any Person claiming by or through the Class Representative and each Settlement Class Member, including their respective past, present and future heirs, parents, affiliates, divisions, departments, trustees, shareholders, officers, directors, employees, administrators, managers, children, spouses, beneficiaries, predecessors, successors, conservators, executors, estates, administrators, assigns, assignees, attorneys, agents, consultants, and any other representatives of any of these Persons and entities or Persons purporting to act for them or on their behalf.

**1.41.** "Service Award" means the total of any monetary award, if any, ordered to be paid to the Class Representative, to be paid out of the Settlement Amount, as set forth in Section 11 herein.

**1.42.** "Settlement Administrator" means the qualified third-party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement and Notice Plan as described further in Section 4.4. The Parties agree to recommend that the Court appoint Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator.

**1.43.** "Settlement Administration Costs" means the costs and expenses reasonably and actually incurred in obtaining the services of the Settlement Administrator to facilitate the Settlement, including but not limited to printing and mailing the Class Notice, and mailing settlement checks to Settlement Class Members, and related services.

**1.44.** "Settlement Agreement" or "Agreement" or "Settlement" means this Settlement Agreement and Releases.

**1.45.** "Settlement Amount" or "Settlement Fund" means the amount of $1,500,000.00, which Popular Bank will be obligated to pay for the benefit of the Settlement Class as set forth in Section 6 and only if all other contingencies outlined in Section 6 are met.

9

**1.46.**    "Settlement Class" means the class of Accountholders charged Class Fees as described more specifically in Paragraph 3.1 below.

**1.47.**    "Settlement Class Member" means any Person who falls within the definition of the Settlement Class, as further set forth below, and who does not submit a valid request to opt-out from the Settlement Class and who is entitled to benefits of the Settlement, including a Settlement Class Member Payment.

**1.48.**    "Settlement Class Member Payment" means the settlement payment amount attributable to each Settlement Class Member to be computed by the Settlement Administrator according to the payment allocation described below.

**1.49.**    "Settlement Website" means the website to be created, launched, and maintained by the Settlement Administrator which shall provide access to case documents including the Notice, the operative complaint, and other relevant documents.  The Settlement Website shall remain accessible until at least 30 days after the Effective Date.

**1.50.**    "Successful Opt-Out(s)" means the Person(s) who timely and validly exercised his, her, or their right to be excluded from the Settlement Class by the Opt-out Deadline.

**1.51.**    "Unknown Claims" means any claim arising out of or relating in any way to the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Action, including the Class Fees, that a Releasing Party does not know or suspect exists in their favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement.  The Settlement is intended to extinguish all Released Claims, and consistent with such intentions, the Releasing Parties shall waive their rights to the extent permitted by state law, federal law, foreign law, or principle of civil or common law, which may

10

have the effect of limiting the release set forth above.  The Class Representative, in his individual capacity, expressly waives and releases any and all provisions, rights, and benefits conferred by California Civil Code Section 1542, and by any law of any other jurisdiction, or principle of civil or common law, that is similar, comparable, or equivalent in effect to California Civil Code Section 1542 with respect to the release of claims.  California Civil Code Section 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

In making this waiver of rights, the Class Representative acknowledges that he may discover facts in addition to or different from those that he now knows or believes to be true with respect to the subject matter of this release, but that it is his intention, in his individual capacity, to fully, finally and forever settle and release any and all claims known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts for any potential claims arising out of or related to the Released Claims.

**1.52.**   As used herein, the plural of any defined term includes the singular thereof and *vice versa*, except where the context requires otherwise.  All references to days shall be interpreted to mean calendar days, unless otherwise noted.  When a deadline or date falls on a weekend or a legal holiday, state or federal, the deadline or date shall be extended to the next day that is not a weekend day or legal holiday.

**1.53.**   Other terms that are defined in the text of this Settlement Agreement shall have the meaning given to those terms in the text.  It is the intent of the Parties in connection with all

documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Settlement Agreement.

## 2. SETTLEMENT CONSIDERATION

**2.1.** Popular Bank shall pay the Settlement Amount in accordance with Paragraph 6.

**2.2.** Popular Bank will agree, for a period of at least five (5) years, not to resume the assessment of OD Fees on debit card transactions that are authorized against available funds.

**2.3.** Partly as a result of this litigation, Popular Bank has updated its accountholder disclosures to provide additional clarity with respect to overdraft fees.

## 3. SETTLEMENT CLASS

**3.1.** <u>**Settlement Class Definition**</u>.  In order to effectuate the Settlement, the Parties agree and consent, for settlement purposes only, that the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) are satisfied, and subject to Court approval, the following Settlement Class shall be certified:

> All holders of Popular Bank consumer checking accounts who during the Class Period were assessed and not refunded an overdraft ("OD") fee in connection with: 1) a debit card or other ATM transaction on their account that was the subject of an authorization made on or before April 15, 2020; and/or 2) a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020.  Provided, however, that OD Fees assessed on or before August 6, 2018, against members of the settlement class in *Valle v. Popular Community Bank*, Index No. 653936/2012 (N.Y. Sup. Ct.), are not included in these two categories of OD Fees.

Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors; all Settlement Class members who make a timely election to opt out; and all judges assigned to this litigation and their immediate family members.

**3.2.** __Certification for Settlement Purposes__.  The Parties' agreement as to certification of the Settlement Class is solely for purposes of effectuating a settlement and for no other purpose. Popular Bank retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class certification if the Settlement set forth in this Settlement Agreement does not receive the Court's Final Approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to become effective.  The Parties acknowledge that there has been no stipulation to any class or certification of any class for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement does not receive the Court's Final Approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other Settlement-related statement may not be cited regarding certification of the Settlement Class, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

## 4.  MOTION FOR PRELIMINARY APPROVAL

**4.1.** __Filing of Motion for Preliminary Approval__.  As soon as reasonably practicable, Class Counsel shall file this Settlement Agreement with the Court with a Motion for Preliminary Approval, which will seek to: (i) certify the Settlement Class solely for settlement purposes, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (ii) preliminarily approve the Settlement set forth in this Agreement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23; (iii) appoint Plaintiff Lipsett as Class Representative of the Settlement Class; (iv)

appoint Jeffrey Kaliel of KalielGold PLLC and Michael R. Reese of Reese LLP as Class Counsel; (v) approve the proposed Notice Plan and authorize the dissemination of Notice as set forth in Section 5; and (vi) approve of and appoint the Settlement Administrator.

**4.2.** **Preliminary Approval Order**. Class Counsel agrees that the proposed Preliminary Approval Order to be filed together with the Motion for Preliminary Approval in the Action will be in substantially the same form as *Exhibit 3*. The Proposed Preliminary Approval Order shall (i) preliminarily approve the Settlement memorialized in this Agreement as fair, reasonable, and adequate, including the material terms of this Settlement; (ii) set a date for a Final Fairness Hearing; (iii) state that if Final Approval of the Settlement is not obtained, the Settlement is null and void, and the Parties will revert to their positions ex ante without prejudice to their rights, claims, or defenses; (iv) approve the proposed Class Notice in the forms attached hereto as *Exhibits 1 and 2*, and authorize their dissemination to the Settlement Class; (v) set deadlines consistent with this Settlement Agreement for emailing and/or mailing of the Class Notice, the filing of objections, the filing of motions, and the filing of papers in connection with the Final Fairness Hearing; (vi) appoint and approve the Class Representative, Class Counsel, and the Settlement Administrator; (vii) set deadlines by which Plaintiff and Class Counsel shall file their Motion for Final Approval, which shall be at least 45 days prior to the Final Fairness Hearing; (viii) state that any appeal of the Court's order on the motion for the Fee and Cost Award or the motion for a Service Award shall have no effect on the Court's Final Approval of the Settlement; and (ix) prohibit and preliminarily enjoin the Class Representative, all Settlement Class Members (excepting those who are Successful Opt-Outs), and Class Counsel from commencing, prosecuting, or assisting in any lawsuit against the Released Parties that asserts or purports to assert matters within the scope of the Released Claims during the time between entry of the Preliminary Approval Order and final

14

determination by the Court regarding whether to grant Final Approval of the Settlement. Popular Bank agrees that it will not oppose the entry of the Preliminary Approval Order, provided it is substantially in the form of *Exhibit 3* hereto and consistent with the material terms of the Settlement. Popular Bank's agreement that it will not oppose the entry of the Preliminary Approval Order shall not be an admission or concession by it that a class was appropriate in the Action (other than for purposes of this Settlement) or would be appropriate in any other matter, and/or that any relief was appropriate in the Action or would be appropriate in any other matter.

**4.3.** **Filing of Motion for Final Approval**. If Preliminary Approval of the Settlement is entered by the Court in the Action, the Class Representative shall seek, and Popular Bank shall not oppose, entry of a Final Approval Order and Final Judgment and Order of Dismissal that: (i) certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) solely for the purpose of the settlement; (ii) approves finally the Settlement set forth in this Agreement and its terms as being a fair, reasonable, and adequate settlement as to Settlement Class Members within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms; (iii) finds that the Notice Plan constitute due, adequate, and sufficient notice of the Settlement set forth in this Settlement Agreement and the Final Fairness Hearing and meets the requirements of Due Process and the Federal Rules of Civil Procedure; (iv) directs that, as to the Released Parties, the Action shall be dismissed with prejudice and, except as provided for in this Settlement Agreement, without award of costs; (v) orders that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party; (vi) retains with the Court exclusive jurisdiction over this Settlement Agreement, including the administration and consummation of the Settlement;

and (vii) determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Popular Bank shall be final and entered forthwith.

**4.4.** __Notice and Settlement Administration__.  Popular Bank and Plaintiff shall agree on a Settlement Administrator to perform the duties, tasks, and responsibilities associated with providing notice and administering the Settlement.  The Settlement Administration Costs will be advanced by Popular Bank, and will be paid out of the Settlement Fund.  Popular Bank will cooperate in providing to the Settlement Administrator class member contact information based on its records, including physical addresses and transactional data which will be kept strictly confidential between the Settlement Administrator and Popular Bank.

**5. NOTICE PLAN**

**5.1.** __Preparation and Production of Settlement Class List__.  Popular Bank or its agent shall compile the Class List, which shall consist of a list of all Settlement Class Members and provide the Class List to the Settlement Administrator within 21 calendar days after the Preliminary Approval Order.  The Class List shall include the total amount of Class Fees for each Settlement Class Member, whether the Settlement Class Member is a Current Accountholder with Popular Bank, as well as the current or last known postal addresses and email addresses (if available) in Popular Bank's possession for the Settlement Class Members.  The Settlement Administrator shall use this information for the sole purpose of identifying the addresses for the Settlement Class Members, and shall promptly and securely destroy the information after it is no longer needed for that purpose.  Within 21 calendar days after the Preliminary Approval Order, Popular Bank will also provide an anonymized version of the Class List to Class Counsel for Class Counsel's validation purposes, which will not include any personal identifying information related to Settlement Class Members.

**5.2.**    __Dissemination of Class Notice__.    For purposes of providing Court-approved class notices and establishing that the best practicable notice has been given, Class Notice will be provided as follows:

**5.2.1.**    For those Settlement Class Members who are Current Accountholders of Popular Bank and have agreed to receive electronic communications from Popular Bank, the Settlement Administrator shall send the Email Notice to each such Settlement Class Member's last known email address, in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email.  For any emails that are returned undeliverable, the Settlement Administrator shall send a Postcard Notice in the manner described below.  The Email Notice shall inform Settlement Class Members how they may request a copy of the Long Form Notice.

**5.2.2.**    For those Settlement Class Members who are Current Accountholders of Popular Bank who have not agreed to receive communications electronically, or who are Past Accountholders, the Postcard Notice shall be mailed by first class United States mail to the last known mailing address.  The Postcard Notice shall inform Settlement Class Members how they may request a copy of the Long Form Notice.

**5.2.3.**    The Settlement Administrator may obtain updates, if any, to the addresses contained therein to any of the following using information reasonably available from the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), or such additional efforts as the Settlement Administrator reasonably believes are appropriate to identify updated addresses, if any, for each Settlement Class Member and/or as the Court may direct.  Any resulting updates shall be made to the Class List.

**5.2.4.**   Within 30 calendar days after the Class List is finalized as set forth in Paragraph 5.1, the Settlement Administrator shall begin the process of sending the Class Notice(s) to each Settlement Class Member using the Class List, and shall complete that process as soon as is practicable.   The Settlement Administrator shall format the Class Notice(s) and otherwise administer the Notice Plan in a reasonable manner to minimize costs.

**5.2.5.**   For up to 45 calendar days following the last date on which the Settlement Administrator mailed Class Notice under this Section 5, if a Class Notice is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Class Notice immediately to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. For any Class Notice that is returned as undeliverable without a forwarding address, the Settlement Administrator will use commercially reasonable efforts to obtain updated addresses during the 45 calendar days following the date the last Class Notice was mailed.   Other than as set forth above, Popular Bank and the Settlement Administrator shall have no other obligation to re-mail Class Notice.

**5.2.6.**   In support of the Motion for Final Approval, the Settlement Administrator shall prepare a declaration describing what it did to comply with the Notice Plan, as well as providing its opinion that the Notice Plan satisfied the requirements of Due Process.

**5.2.7.**   Neither the Parties nor the Settlement Administrator shall have any further obligation to send notice of the Settlement to Settlement Class Members once these Class Notice provisions have been complied with.

**5.3.**   **Settlement Website**.

**5.3.1.**   The Settlement Administrator shall establish a website to assist in facilitating notice to the Settlement Class Members.   This Settlement Website shall be accessible no later than the

18

Class Notice mailing described above. The Settlement Website shall set forth the following information: (i) the Complaint; (ii) the full text of this Agreement; (iii) the Long Form Notice; (iii) the Motion for Preliminary Approval and the Preliminary Approval Order; (iv) the method for opting-out of the Settlement; (v) contact information for the Settlement Administrator and Class Counsel, (vi) Motion for Final Approval and the Final Approval Order (once filed); (vii) if the Settlement is terminated, a notice of such termination, which language shall be approved by the Parties; and (viii) such other document(s) as the Parties or the Court determine to place on the Settlement Website.

     **5.3.2.** The Settlement Website shall be dismantled 30 calendar days after the completion of the distribution of remaining funds in accordance with Paragraph 6.7 or, if the Settlement is terminated, 30 calendar days after such termination.

     **5.4.** **CAFA Notice**. Popular Bank shall send CAFA Notice to the appropriate Federal Official and appropriate State Official in accordance with 28 U.S.C. § 1715(a) no later than 10 calendar days after this Agreement is filed with the Court in the Action. Popular Bank shall file with the Court certification of the date on which the CAFA Notice was served, and Class Counsel shall request that the Court find that CAFA notice was properly given, as part of Final Approval.

## 6. PAYMENT OF THE SETTLEMENT AMOUNT

     **6.1.** **Payments to Settlement Administrator**. Within 5 calendar days following the completion of the Class List, the Settlement Administrator shall provide an estimate of the Settlement Administration Costs to Popular Bank and Class Counsel. Popular Bank will advance Settlement Administration Costs within 30 calendar days following its receipt of an invoice from the Settlement Administrator, as needed, but not until Popular Bank has received a properly completed W-9 Form(s) from the Settlement Administrator and subject to any and all applicable

tax withholdings or treatment.  All Settlement Administration Costs shall be payable out of the Settlement Amount.  The Settlement Amount represents the total extent of Popular Bank's monetary obligations under this Settlement Agreement and includes all sums to be paid under this Settlement as the consideration to eligible Settlement Class Members, including a Service Award, if any, the Fee and Cost Award, if any, and any and all Settlement Administration Costs.

**6.2.**  **Costs of Notice and Claims Administration**.  The Parties agree that all costs of notice and claims administration will be paid out of the Settlement Fund but will be advanced by Popular Bank to the Settlement Administrator, and Popular Bank will not be reimbursed for costs already incurred in the event the settlement does not reach finality.

**6.3.**  **Escrow Account**.  Within 30 calendar days after the date of entry of the Preliminary Approval Order, the Settlement Administrator shall establish and Popular Bank shall fund an escrow account with funds sufficient for the payment of the Settlement Amount, less any funds previously provided to the Settlement Administrator for the Settlement Administration Costs, as set forth in Paragraph 6.1.  Popular Bank shall have the right to impose any reasonable terms and conditions on the operation and maintenance of the fund, and of any funds that it pays in connection with the Settlement that it deems appropriate, including ensuring compliance with any and all applicable state and/or federal tax laws, and taking advantage of the Qualified Settlement Fund ("QSF") provisions of the tax code or to protect the moneys from intentional or unintentional diversion, expenditure, forfeiture, escheat, or other dispersion that is inconsistent with the express terms of the Settlement.  In the event that Popular Bank desires to have the Settlement Administrator enter into an agreement or undertaking to take advantage of the QSF provisions of the tax code or to protect the moneys in accordance with this paragraph, or to obtain any order from the Court in connection with this paragraph, the Class Representative agrees not to object to

such requested agreement or order other than on the grounds that the terms or relief sought, in whole or in part, are inconsistent with the express terms of the Settlement. Popular Bank shall pay no portion of the Settlement Amount until it has received a properly completed W-9 Form from the Settlement Administrator.

    **6.4.**  **Application of Settlement Amount**.  The Settlement Amount shall be applied as follows: to pay all Settlement Administration Costs; to pay any other Court-approved fees and expenses; to distribute the Net Settlement Fund to Settlement Class Members; to pay the Fee and Cost Award; and to pay the Service Award.

    **6.5.**  **No Other Payments from Popular Bank**.  As set forth above, Popular Bank shall be responsible for paying the total Settlement Amount.  Popular Bank shall have no responsibility for any other costs, including, as further detailed in this Settlement Agreement, any Attorneys' Fees and Costs, including any taxes or tax-related costs relating to the Settlement Amount, but all such fees, expenses, and costs shall be paid out of the Settlement Amount as approved by the Court.

    **6.6.**  **Interest on Settlement Amount**.  Any interest earned on the Settlement Amount, once it has been delivered to the Settlement Administrator, shall be for the benefit of the Settlement Class, unless the Settlement is terminated.

    **6.7.**  **Use and Disbursal of Settlement Amount**

    **6.7.1.**  **Purpose and Use**.  The Settlement Amount shall be used only in the manner and for the purposes set forth in this Settlement.  No portion of the Settlement Amount shall be disbursed except as expressly set forth herein.  The Settlement Amount shall be used only for payments to Settlement Class Members, Settlement Administration Costs, Attorneys' Fees and Costs (described in Section 10), and the Service Award (described in Section 11).

**6.7.2.    Settlement Class Member Payments**.

**6.7.2.1.**    Within 14 calendar days after the Effective Date, Popular Bank shall determine whether the Class List needs to be updated with respect to which Settlement Class Members are Current Accountholders with Popular Bank and if necessary, will provide an updated Class List to the Settlement Administrator.  The Settlement Administrator will use the Class List to determine which Settlement Class Members are to receive their Settlement Class Member Payment via a credit to a Popular Bank deposit account.

**6.7.2.2.**    Within 35 calendar days after the Effective Date, the Settlement Administrator shall (i) provide to Class Counsel and to Popular Bank's Counsel the sum total of all Settlement Class Member Payments for Settlement Class Members, including the breakdown of Settlement Class Members who are Current Accountholders that will receive their Settlement Class Member Payments in the form of a credit to a Current Accountholder Popular Bank deposit account ("Credit Settlement Class Member Payment Amount") and Settlement Class Members who are Past Accountholders that will receive their Settlement Class Member Payment in the form of a check; (ii) provide to Popular Bank the Class List with the applicable Credit Settlement Class Member Payment Amount owed to each Settlement Class Member; and (iii) transmit to Popular Bank the total Credit Settlement Class Member Payment Amount for deposit by Popular Bank into Current Accountholder Settlement Class Members' Popular Bank deposit accounts.

**6.7.2.3.**    Within 60 calendar days after the Effective Date, contingent upon receipt of the funds for same from the Settlement Administrator, Popular Bank shall directly deposit the Credit Settlement Class Member Payment Amount to each Settlement Class Member who is a Current Accountholder with Popular Bank at that time, as further described in Section 6.7.2.6 regarding jointly held accounts, into a Settlement Class Member's Popular Bank deposit account.

It is understood that, in some instances, a Current Accountholder's Popular Bank deposit account may have a negative balance or be subject to garnishment or other restraint; and it is agreed that such circumstances do not provide an exception to the procedure set forth in this Section 6.7.2.3, and that Popular Bank shall not incur liability to any person by depositing a Credit Settlement Class Member Payment Amount into a deposit account that has a negative balance or is subject to garnishment or other restraint.

       **6.7.2.4.**    Within 60 calendar days after the Effective Date, the Settlement Administrator shall mail payment notices and Settlement Class Member Payments, in the form of checks, as determined in the payment allocation, for Settlement Class Members described herein who are Past Accountholders as of the Effective Date.  Checks and payment notices shall also be issued to Settlement Class Members for whom Popular Bank was unable to complete an account credit per the process described in Section 6.7.2.3, above.  The Settlement checks and payment notices shall include the appropriate release text identified in Section 7.3.

       **6.7.2.5.**    The payment notices accompanying the Settlement checks shall notify the recipients that the checks must be cashed within 180 days from the date on the payment notice and that the enclosed check shall not be valid after that date.

       **6.7.2.6.**    For a jointly held Account of one or more Current Accountholders, payment will be made as described in Section 6.7.2.3, above, and may be deposited into an account of the primary Accountholder, whether or not such account is jointly held.  For a jointly held Account of a Past Accountholder, payment may be made by means of a check that will be payable to the primary Accountholder named on the Account and mailed to the last known address for that primary Accountholder.

**6.7.2.7.**    The Settlement Administrator will make reasonable efforts to locate the proper address for any check returned undeliverable and will re-mail it once to the updated address or, in the case of a jointly held Account, and in the Settlement Administrator's discretion, to an Accountholder other than the one listed first.

**6.8.**    **Remaining Funds**.    After 240 calendar days from the Effective Date, any excess funds remaining from the Settlement Amount that have not been distributed in accordance with other provisions of this Settlement Agreement shall, if economically feasible, be distributed to the Settlement Class Members who successfully cashed checks or received their Settlement Class Member Payment as a credit.    The payment notices accompanying the Settlement checks for a second distribution shall notify the recipients that the checks must be cashed within 90 days from the date on the payment notice and that the enclosed check shall not be valid after that date.    If a second distribution of remaining funds costs more than the amount to be distributed or is otherwise economically unfeasible, or if additional funds remain after a second distribution, Class Counsel shall petition the Court to distribute any remaining funds to a *cy pres* recipient agreed upon by the Parties.

## 7.  SETTLEMENT BENEFITS

**7.1.**    **Amounts of Settlement Class Member Payments**.    Settlement Class Members are entitled to payment by distributing the proceeds from the Settlement Amount to the Settlement Class Members depending on the total number of Class Fees the Settlement Class Member was assessed during the Class Period.    Payments from the Settlement Amount to each Settlement Class Member shall be distributed on a *pro rata* basis and calculated as follows:

> (Net Settlement Amount divided by the total dollar amount of Class Fees the Settlement Class Members collectively were assessed in connection with the transactions at issue);

Multiplied by;

Total dollar amount of Class Fees the Settlement Class Member was charged and paid in connection with the transactions at issue.

**7.2.  All Settlement Class Member Payments Come from Settlement Amount**.  All payments to Settlement Class Members shall be funded from the Settlement Amount, only after the Effective Date.  All proceedings with respect to the notice, administration, and processing of payments to Settlement Class Members and the determination of all controversies relating thereto shall be subject to the jurisdiction of the Court.  The Class Representative and Settlement Class Members shall look solely to the Settlement Amount as full, final, and complete satisfaction of all Released Claims.  Except as set forth herein, Popular Bank shall have no obligation under this Agreement or the Settlement to pay or cause to be paid any amount of money, and Popular Bank shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, taxes, or damages whatsoever alleged or incurred by the Class Representative, by any Settlement Class Member, or by any Releasing Parties, including but not limited to their attorneys, experts, advisors, agents, or representatives, with respect to the Action and Released Claims.  The Class Representative and Settlement Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

**7.3.  Settlement Payment Notice Language**.  A payment notice shall be sent with the payments to Settlement Class Members, including payments made in the form of an account credit or made by check.  The payment notice for payments made in the form of an account credit may be included in a bank statement, and shall state: "Lipsett OD Fee Class Action Settlement Payment for Release".  The payment notice for payments made by check shall state: "This payment is tendered to you as a Settlement Class Member in consideration for your release from liability of

Defendant and other Released Parties as set forth in the Settlement Agreement and Releases. This payment is final and conclusive." Each Settlement check will also disclose that it is invalid if it is not cashed within 180 days. Payment pursuant to this Settlement shall be deemed final and conclusive as against all Settlement Class Members. If any Settlement check is returned as undeliverable, the Settlement Administrator will attempt to notify the Settlement Class Member, including by attempting to obtain a new mailing address as practical in the same manner as set forth in Paragraph 5.2.3 (with any costs incurred treated as Settlement Administration Costs). If, after a second attempt, such Settlement check is again returned as undeliverable, no further effort needs to be taken by the Settlement Administrator. All Settlement Class Members, including those who do not cash their Settlement checks within 180 days, shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action or proceeding against the Released Parties concerning the Released Claims.

**7.4.** **<u>No Reversion</u>**. Popular Bank shall not have a reversionary interest in the Settlement Amount. If there is a balance remaining of the Settlement Amount after 240 calendar days from the date of distribution of the Settlement Amount (whether by reason of tax refunds, uncashed checks or otherwise), or reasonably soon thereafter, the Settlement Administrator shall distribute the remaining balance as ordered by the Court and as further set forth in Paragraph 6.8.

## 8. TERMINATION OF THE SETTLEMENT

**8.1.** This Settlement is contingent upon Court approval. If the Court fails to grant Final Approval of the Settlement in any material respect, the Settlement will be subject to termination by either Party. Notwithstanding this paragraph, the Court's determination as to the motion for Fee and Cost Award and Service Award and/or any plan of distribution, or any determination on

26

appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or Settlement.

**8.2.** If this Settlement is terminated, then the Settlement and the relevant portions of this Agreement shall be canceled and terminated without prejudice, and this Agreement shall be null and void and shall have no further force or effect.

**8.3.** Except as otherwise provided herein, in the event the Agreement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to this Agreement shall be deemed to have reverted to their respective status prior to the Settlement. In such circumstances, the Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming the Action.

**8.4.** Except as otherwise expressly provided herein, in the event the Agreement is terminated in accordance herewith, is vacated, not approved, or the Effective Date fails to occur for any reason, the Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered, and any portion of the Settlement Amount previously paid by or on behalf of Popular Bank, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Cost Award, or Service Award) shall be returned to Popular Bank within 10 days from the date of the event causing such termination. However, Popular Bank agrees to cover any Settlement Administration Costs incurred or charged by the Settlement Administrator prior to the termination of this Agreement.

**8.5.** No Party hereto or its counsel shall directly or indirectly solicit or encourage any Person to opt-out from the Settlement Class.

27

## 9.   PROCEDURES FOR OPT-OUTS AND OBJECTIONS

### 9.1.   **Opt-Out Procedures**.

9.1.1.   The Class Notice shall inform proposed Settlement Class members how they may opt-out of the Settlement and shall explain the implications of doing so.

9.1.2.   A proposed Settlement Class member may request to opt-out from the Settlement Class by sending a written request for exclusion, addressed to "Opt-Out Requests: Popular Bank Fee Class Action" at the Settlement Administrator's address as shown in the Class Notice.   The proposed Settlement Class Member's opt-out request must contain his or her original signature, current postal address, sufficient information to identify the relevant bank account(s) owned by the proposed Settlement Class Member, and a specific affirmative statement that the proposed Settlement Class Member wishes to be excluded from the Settlement Class.   If an Account has more than one Accountholder, and if one Accountholder excludes himself or herself from the Settlement Class, then all Accountholders on that Account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Accountholder shall be entitled to a payment under the Settlement.   Opt-Out requests must be postmarked no later than the Opt-Out Deadline.

9.1.3.   Persons who purport to opt-out of the Settlement Class as a group, aggregate, or class involving more than one purported class member shall ***no*t be considered to have validly opted-out.   This paragraph does not apply to a request to opt-out for one specific joint Account pursuant to paragraph 9.1.2.

### 9.2.   **List of Successful Opt-Outs**.   Not later than 21 calendar days following the Opt-Out Deadline, the Settlement Administrator shall provide Class Counsel and Popular Bank's Counsel a complete list of the Successful Opt-Outs, together with all opt-out requests.

**9.2.1.** If the Successful Opt-Outs include Class Members representing in excess of 10% of the Class Fees as reflected in the data provided to the Settlement Administrator, then Popular Bank shall have the right, at its sole discretion, to terminate the Settlement by providing written notice to Class Counsel of such termination within 30 days of the Opt-Out Deadline.

**9.3.** <u>**Representation of Opt-Outs**</u>.  Class Counsel agrees that this Settlement is fair, reasonable, and in the Settlement Class Members' best interests.  Accordingly, Class Counsel shall not solicit Settlement Class Members who opt-out for purposes of legal representation.

**9.4.** <u>**Objections from Settlement Class Members**</u>.

**9.4.1.** Any Settlement Class Member who does not opt-out but instead wishes to object to the Settlement or any matters described in the Class Notice may do so by filing with the Court a timely notice of their intention to object.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including evidence that the objector is a member of the Settlement Class; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing or assisting the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all Persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3

29

years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any Person) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative. To be timely, written notice of an objection in the appropriate form must be filed with the Court by the Objection Deadline as ordered by the Court in the Preliminary Approval Order and served concurrently therewith upon Class Counsel and Popular Bank's Counsel.

9.4.2.   If the objection is made by or through an attorney, the written objection must also include: (a) the identity and number of the Settlement Class Members represented by objector's counsel; (b) the identity and number of such represented Settlement Class members who have opted out of the Settlement Class; and (c) the identity and number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected. If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve upon Class Counsel and Popular Bank's Counsel, not later than 15 days before the Final Fairness Hearing or as the Court may otherwise direct, a document containing the following: (i) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (ii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iii) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (iv) the attorney's hourly rate.

9.4.3.   Any Settlement Class Member who fails to comply with the requirements for objecting set forth herein shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement and shall be bound by all the terms of the Agreement

and by all proceedings, orders, and judgments in the Action.  The exclusive means for any challenge to the Settlement shall be through the provisions set forth herein.  Without limiting the foregoing, any challenge to the Settlement, the Final Approval Order, and Final Judgment and Order of Dismissal to be entered upon Final Approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**9.4.4.**   The Parties shall file their responses to objections, if any, no later than 10 calendar days prior to the Final Fairness Hearing.

**9.4.5.**   By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to, subpoenas and discovery.

**9.4.6.**   Objectors must also make themselves available for deposition by counsel for the Parties between the time the objection is filed and a date no later than 5 days before the Final Fairness Hearing, and the objection must include the dates when the objector is available for deposition.

**9.4.7.**   Any Settlement Class Member who, before the Objection Deadline, files and serves a written objection satisfying the requirements of this section may appear at the Final Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement. Settlement Class Members, or their attorneys, intending to make an appearance at the Final Fairness Hearing must deliver to Class Counsel and Popular Bank's Counsel and have file-marked by the Court, no later than the Objection Deadline, or as the Court otherwise may direct, a "Notice of Intent to Appear."  The Notice of Intent to Appear must: (i) state how much time the Settlement Class Member anticipates needing to present the objection; (ii) identify, by name, address, and telephone number all witnesses the Settlement Class Member proposes to have testify; (iii)

31

summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

**9.4.8.**   Any Settlement Class Member who fails to timely file such a written statement of his or her intention to object shall be foreclosed from making any objection to the Settlement and shall waive and forfeit any and all rights he or she may have to appear separately and/or object and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including but not limited to, the releases contained in this Agreement.

## 10. ATTORNEYS' FEES AND COSTS

**10.1. <u>Application for Fee and Cost Award</u>**.  As part of the Motion for Final Approval, Class Counsel will move for approval of a Fee and Cost Award.  Class Counsel agrees that it will not seek in excess of one-third of the Settlement Amount for attorneys' fees.  In addition to the attorney fees, Class Counsel shall also make a separate application for the reimbursement of costs.  Popular Bank agrees not to oppose such requests for payment of fees and costs.

**10.2. <u>Source of Payment</u>**.  The Fee and Cost Award shall be paid from the Settlement Amount, with no further obligation by Popular Bank.

**10.3. <u>No Additional Obligation by Popular Bank</u>**.  Any Fee and Cost Award shall be available to be distributed from the Settlement Amount for distribution by the Settlement Administrator to Class Counsel in accordance with this Agreement, within 14 days after the Effective Date.

## 11. SERVICE AWARD TO CLASS REPRESENTATIVE

**11.1. <u>Application for Service Award</u>**.  As part of the Motion for Final Approval, Class Counsel shall apply to the Court for a Service Award to be paid from the Settlement Amount to

the Class Representative for serving as class representative in support of the Settlement, subject to any and all applicable tax withholdings. Popular Bank will not oppose such a request of up to $10,000.00 for the Class Representative.

**11.2. <u>No Additional Obligation by Popular Bank</u>.** Other than paying the Settlement Amount, as set forth above, Popular Bank shall have no other responsibility for or liability with respect to the payment of a Service Award to the Class Representative.

**11.3. <u>Source of Payment</u>.** Any Service Award shall be available to be distributed from the Settlement Amount for distribution to the Class Representative by the Settlement Administrator in accordance with this Agreement, within 14 days after the Effective Date.

## 12. FINAL FAIRNESS HEARING AND FINAL APPROVAL

**12.1. <u>Final Fairness Hearing</u>.** Plaintiff will request (and Defendant will not oppose) that the Court hold the Final Fairness Hearing to consider approval of the Settlement of the Action as provided for herein approximately 150 calendar days after Preliminary Approval but in no event fewer than 90 calendar days after the CAFA Notice is served. At least 45 calendar days before the Final Fairness Hearing, Class Counsel shall file the Motion for Final Approval seeking entry of the Final Approval Order. The Parties agree that the Final Approval Order should be accompanied by entry of a final judgment dismissing the Action with prejudice.

**12.2. <u>Final Approval</u>.** All relief contemplated by this Settlement is expressly contingent upon the Court's Final Approval.

## 13. RELEASE OF CLAIMS

**13.1. <u>Release of Popular Bank and Released Parties</u>.** Upon the Settlement's Effective Date, the Releasing Parties will fully and finally release and discharge Popular Bank and the other Released Parties of and from the Released Claims. This Release shall be included as part of any

judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.  Subject to the Court's approval, this Agreement shall bind all Settlement Class Members and all the Releasing Parties, and all Released Claims shall be dismissed with prejudice and released as against the Released Parties.  The Released Claims are released regardless of whether these claims are known or Unknown Claims, actual or contingent, liquidated, or unliquidated.

## 14. DISPUTES RELATING TO THE SETTLEMENT

**14.1. <u>Good Faith</u>**.  The Parties shall work in good faith to resolve any disputes that may arise in connection with the Settlement.

**14.2. <u>Best Efforts</u>**.  Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, the Class Representative, Popular Bank, Class Counsel, and Popular Bank's Counsel represent and warrant that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of this Agreement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement.

## 15. MISCELLANEOUS PROVISIONS

**15.1. <u>Non-Disparagement</u>**.  The Class Representative, Class Counsel and Plaintiff's Counsel, Popular Bank, and Popular Bank's Counsel shall not issue, or otherwise cause to be issued, any press release, advertisement, recording, video, or Internet posting which (i) disparages the Class Representative, Class Counsel, Plaintiff's Counsel, Popular Bank, or Popular Bank's Counsel with respect to any matters or issues alleged or asserted in the Action or relating to this Settlement; or

(ii) includes evidence or information protected from disclosure by the agreement of the Parties and the protective order in the Action.

**15.2.  No Admission**.  Nothing herein shall constitute any admission as to any assertion, claim, or allegation made by any Party, or as to the scope of liability.  Popular Bank specifically denies any wrongdoing or liability and specifically denies that a class could or should be certified in the Action for litigation purposes.  This Agreement is entered into to resolve all claims amicably, to avoid the risk and expense of additional litigation, and does not imply or suggest in any way fault or wrongdoing.  The Parties agree that this Agreement and its Exhibits, and any and all associated negotiations, documents, discussions, shall not be deemed or construed by anyone to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Popular Bank.

**15.3.  Admissibility of Settlement Agreement**.  This Agreement shall not be offered nor shall it be admissible as evidence in any action or proceeding except (i) the hearings necessary to obtain and implement Court approval of this Settlement; and (ii) any hearing to enforce the terms of this Settlement Agreement or related order by the Court.   This Agreement, whether or not consummated, any proceedings relating to the Settlement, and any of the terms of the Settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Popular Bank with respect to any fact or matter alleged in the Action, or any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defense that has been or could have been asserted.

**15.4.  Successors and Assigns**.  This Settlement's terms shall apply to and bind the Parties, the Releasing Parties and their heirs, successors, and assigns.

**15.5. <u>No Assignments.</u>**  The Releasing Parties, the Class Representative and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any Released Claim except as set forth herein, and that there are no Persons having any interest in any award of attorneys' fees, expenses, or litigation costs in connection with the Action.  Class Counsel agrees to indemnify and hold Popular Bank and its counsel harmless as to:  (a) any breach of the representation and warranty contained in the prior sentence; and (b) any claim by any other Person against Popular Bank or its counsel for such an award of attorneys' fees, expenses, or litigation costs.

**15.6. <u>No Tax Advice</u>**.  No representations or advice regarding the tax consequences of this Settlement Agreement and/or the payments to be made by Popular Bank and/or the Settlement Administrator hereunder have been made by Popular Bank or its counsel.  The Parties understand that the payment of the corresponding amount of the Settlement Amount to each Settlement Class Member shall be made free of income tax withholding pursuant to the Parties' understanding that the amount to be received by each Settlement Class Member hereunder is not considered taxable income for tax purposes based on the nature of the payments to be received by the Settlement Class Members.  The Settlement Class Members hereby release, hold harmless and agree to indemnify Popular Bank and/or the Released Parties from any and all liability of any kind on account of any and all taxes related to the payment that each Settlement Class Member will receive hereunder and/or their representations hereunder.  The Parties further understand and agree that the payments to be received pursuant to this Settlement Agreement by each Class Representative and each Class Counsel, as ordered by the Court, shall be subject to any and all applicable tax withholdings required under applicable state and/or federal laws or regulations.  Each Settlement Class Member,

the Class Representative and each Class Counsel shall be responsible for his, her, its, or their own taxes, if any, resulting from this Settlement Agreement and any payments made pursuant to this Settlement Agreement, and agree that Popular Bank will not assume any tax liability and that, should there be any tax liability, it will be assumed by each Settlement Class Member, the Class Representative and/or Class Counsel, as appropriate.  The Parties and their counsel further recognize that Popular Bank and/or the Settlement Administrator will comply with any reporting obligations as required by law or regulation in connection with any payment made hereunder, including the payments to each Settlement Class Member, each Class Representative and each Class Counsel, which may include the filing of certain tax forms or other information or reports with state or federal tax authorities, including the United States Internal Revenue Service, or other government agencies indicating its payments to the Settlement Class Members, the Class Representative and/or Class Counsel.

**15.7. <u>Communications with Parties Relating to Settlement Agreement</u>**.  All notices, requests for consent, and other formal communications among the Parties under this Settlement Agreement shall be in writing and sent by U.S. Mail (or a reliable parcel or courier service with confirmation of delivery) and also e-mail to counsel for the Party to whom notice is directed at all of the addresses below.  Any Party may change its designated recipient(s) or notice address(es) by written notice to all other Parties.  This provision does not apply to notices given to members of the Settlement Class.

**If to Class Representative:**

Jeffrey Kaliel
KALIELGOLD PLLC
1100 15th Street N.W., 4th Floor
Washington, D.C.  20005
(202) 350-4783
jkaliel@kalielpllc.com

Michael R. Reese
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
(212) 643-0500
mreese@reesellp.com

**If to Defendant:**

Mitchel H.  Kider
Michael Y.  Kieval
WEINER BRODSKY KIDER PC
1300 19th Street NW, 5th Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
kider@thewbkfirm.com
kieval@thewbkfirm.com

**15.8. <u>Entire and Voluntary Agreement</u>**.

**15.8.1. <u>Knowing and Voluntary Assent</u>**.  The Parties agree that the Settlement is voluntary and that its terms were negotiated at arm's length.  The Parties agree that they were represented by competent and experienced counsel.

**15.8.2. <u>Entire Agreement</u>**.  The Parties intend the Settlement to be a complete and final resolution to the Action.  This Settlement contains the Parties' entire agreement and understanding of the subject-matter at issue in the Action.  This Agreement merges with and supersedes all prior negotiations and proposals, whether written or oral.

**15.9. <u>Headings and Titles</u>.**  The headings and titles in this Agreement are for the reader's convenience only and shall not affect or alter the meaning of the Agreement's terms.

**15.10.    <u>Settlement Agreement Controls Over Exhibits</u>**.  All exhibits attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.  If there is any conflict between the terms of the Agreement and the attached exhibits, the Agreement shall control.

**15.11.** __Amendments and Modifications__.  This Agreement may be amended or modified only by a written instrument signed by the Parties or by the respective attorneys, or their respective successors-in-interest.

**15.12.** __Authorization of Counsel__.  Class Representative and Settlement Class Members expressly authorize Class Counsel to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement to effectuate its terms.  Class Counsel are furthermore expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Settlement Class Members that they deem necessary or appropriate.  Each attorney or other Person executing the Agreement on behalf of a Party hereto warrants that such attorney or other Person has full authority to do so.  The undersigned representatives of Popular Bank represent that they are fully authorized to enter into and execute this Settlement on behalf of Popular Bank.  Class Counsel represent that they are fully authorized to conduct settlement negotiations with Popular Bank's Counsel on behalf of the Class Representative and to enter into and execute this Settlement Agreement on behalf of Class Representative and the putative Settlement Class Members, subject to approval by the Court.

**15.13.** __Computation of Time__.  Except as expressly set forth herein, in computing any period of time prescribed or allowed by this Settlement Agreement, the provisions of Fed. R. Civ. P. 6 and the Civil Rules of Practice and Procedure for the Court shall govern.

**15.14.** __Continuing Jurisdiction and Exclusive Venue__.  Each of the Parties, each Settlement Class Member, and each of the Releasing Parties hereby irrevocably submits to the exclusive jurisdiction and venue of the Court for any suit, action, proceeding, case, controversy, or dispute arising from or related to this Agreement and/or Exhibits hereto and the negotiation, performance, or breach of same.

**15.15.    Construction and Interpretation of Terms**.  The Parties have cooperated in drafting and preparing this Agreement.  There shall therefore be no presumption for or against any Party because that Party initially drafted a particular section or subsection.  Before declaring any provision invalid, a court should first attempt to construe the provision as valid, consistent with the Agreement's purposes, and consistent with applicable precedent.

**15.16.    No Claims Arising from this Settlement Agreement**.  No Person shall have any claim against any of the Released Parties, against the Class Representative, or against counsel for any Party, based on the distribution of benefits made substantially in accordance with this Agreement or related order(s) of the Court.

**15.17.    Standing of Released Parties**.  The Released Parties who are not signatories hereto shall be third-party beneficiaries under this Agreement and shall be entitled to enforce this Settlement in accordance with its terms.  Aside from the Released Parties, it is not the intention of the Parties to confer third-party beneficiary rights or remedies upon any other Person.

**15.18.    Applicable Law**.  This Agreement shall be interpreted under and governed by federal law.  To the extent state law applies, the laws of New York shall apply, without regard to choice of law principles.  All judicial proceedings regarding this Settlement shall be brought only in the Court.

**15.19.    Counterparts**.  This Agreement may be executed in one or more counterparts and by facsimile or email of PDF, both of which shall be deemed an original.  Original signatures are not required.  All executed counterparts shall be deemed to be one and the same instrument.

Counsel for the Parties shall exchange among themselves signed counterparts. A complete set of executed Counterparts shall be filed with the Court.

**15.20.** **No Waiver of Arbitration**. Popular Bank has consistently asserted its rights under the arbitration agreements contained in its PBDAs. Popular Bank does not waive any such arbitration agreement by entering into this Settlement, and expressly asserts its right to demand arbitration with respect to any person, including but not limited to putative class members, if the Effective Date does not occur for any reason.


[REMAINDER OF PAGE INTENTIONALLY BLANK]

IN WITNESS THEREOF, the Parties have caused this Settlement Agreement and Releases to be executed by their duly authorized representatives.

APPROVED BY PLAINTIFF AND CLASS COUNSEL

_____    Date: _7/22/2024_____
Frankie Lipsett

_____    Date: 7/16/2024_____
Jeff Kaliel
KALIELGOLD PLLC

_____    Date: July 23, 2024
Michael R. Reese
REESE LLP


APPROVED BY DEFENDANT AND COUNSEL FOR DEFENDANT

_____    Date: _____
NAME
TITLE
Popular Bank



_____    Date: _____
for
WEINER BRODSKY KIDER PC
as counsel

IN WITNESS THEREOF, the Parties have caused this Settlement Agreement and Releases to be executed by their duly authorized representatives.

APPROVED BY PLAINTIFF AND CLASS COUNSEL

_____          Date: _____
Frankie Lipsett


_____          Date: _____
Jeff Kaliel
KALIELGOLD PLLC


_____          Date: _____
Michael R. Reese
REESE LLP


APPROVED BY DEFENDANT AND COUNSEL FOR DEFENDANT

_____          Date: July 25, 2024
                                                _____
José Coleman Tió
Executive Vice President, Chief Legal Officer and General Counsel
POPULAR BANK


_____          Date: July 25, 2024
                                                _____
Michael Kieval for
WEINER BRODSKY KIDER PC
as counsel

42

## Exhibit 1 – Email Notice and Postcard Notice

FROM: EMAIL ADDRESS

TO: EMAIL ADDRESS

RE: COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

United State District Court for the Southern District of New York

*Lipsett v. Banco Popular North America*
Case No. 22-cv-3901, S.D.N.Y.

# If you have or had a consumer checking account with Popular Bank and were charged an overdraft fee on certain debit card or ATM transactions on or after May 13, 2016, debit card or ATM transaction, you may be eligible for a cash payment from a class action settlement.

*A federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

**You can learn more at: www.XXXXXXXXXX.com**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web: www.xxxxxxxxxx.com*

A $1.5 million settlement has been reached in a class action lawsuit filed against Popular Bank ("Defendant"). Plaintiff Lipsett filed this lawsuit against the Defendant alleging a breach of contract when the Defendant assessed overdraft fees on what are sometimes called "Authorize Positive, Settle Negative Transactions" ("APSN Transactions"). This is where a bank assesses an overdraft fee on a transaction that overdraws the account when it clears, although the transaction was previously authorized against sufficient available funds. The Defendant acknowledges that it assessed overdraft fees on these types of transactions in some instances, but maintains that the account agreement permitted it to do so, and denies any liability. The Defendant denies these legal claims. The Court has not decided who is right.

**You are receiving this Notice because you may be a Settlement Class Member.** You are a "Settlement Class Member" if you come under the following "Settlement Class" definition: "All holders of Popular Bank consumer checking accounts who during the Class Period [May 13, 2016 to Month DD, 2024] were assessed and not refunded an overdraft ("OD") fee in connection with: 1) a debit card or other ATM transaction on their account that was the subject of an authorization made on or before April 15, 2020; and/or 2) a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020. Provided, however, that OD Fees assessed on or before August 6, 2018, against members of the settlement class in Valle v. Popular Community Bank, Index No. 653936/2012 (N.Y. Sup. Ct.), are not included in these two categories of OD Fees."

**If you are a Settlement Class Member, you do not need to do anything to receive your cash payment.** If the Settlement receives final approval from the Court, you will get your payment automatically, unless you request exclusion from the Settlement Class. Current Accountholders will receive an account credit.

Past Accountholders will receive a check. For a jointly held Account of one or more Current Accountholders, payment will deposited into an account of the primary Accountholder, whether or not such account is jointly held. For a jointly held Account of a Past Accountholder, payment will made by sending a check that will be payable to the primary Accountholder named on the Account and mailed to the last known address for the primary Accountholder.

**What does the Settlement Provide?** As a result of the Settlement, a $1,500,000 Settlement Fund will be established for the Settlement and will be used to pay for: (1) Settlement Administration Costs; (2) the Service Award; and (3) the attorneys' Fee and Cost Award. The amount remaining after these items are paid, if any, is the "Net Settlement Fund." The Net Settlement Fund will then be used to make automatic Settlement Class Member Payments (an account credit or payment by check) to all Settlement Class Members who do not request exclusion from the Settlement Class.

Payments to each Settlement Class Member will be distributed on a pro rata (a legal term meaning equal) basis and calculated as follows: (Net Settlement Fund divided by the Total Amount of Class Fees of Settlement Class Members) x (Total Amount of Class Fees [meaning overdraft fees covered by the Settlement that were assessed to your Account and not refunded] you as an individual Settlement Class Member were charged and paid in connection with the transactions at issue) = Settlement Class Member Payment.

**Opt-Out:** If you want to keep the right to sue or continue to sue the Released Parties for the legal claims in this lawsuit, and you do not want to receive a cash payment from this Settlement, you must take steps to exclude yourself from the Settlement. Your written request for exclusion must be **postmarked** by **Month DD, 20YY**. Details for how to opt-out are available on the Settlement Website. If you do not opt-out, you will give up the right to sue the Released Parties about the legal claims released by the Settlement and you will be bound by the orders and judgment in this lawsuit.

**Object:** If you want to tell the Court why you do not like the Settlement, and you have not excluded yourself, you may take steps to object to the Settlement. If you choose to object, you will still be bound by the Settlement if the Court approves it and you will still receive a cash payment if you are a Settlement Class Member. You must **file** your written objection with the Court by **Month DD, 20YY**. Details for how to object are available on the Settlement Website.

**Final Approval Hearing:** On **Month DD, 20YY**, the Court will consider approving the Settlement, attorneys' fees request of up to 1/3 of the Settlement Fund plus reimbursement of costs, and objections. Changes to the hearing date or time will be on the Settlement Website. If you are a Settlement Class Member you or your lawyer may speak at the Final Approval Hearing if you timely file an objection and a Notice of Intent to Appear.

**Do Nothing:** If you do nothing, you may be eligible to receive a cash payment. If you are eligible and do not exclude yourself from the Settlement, you will receive this benefit automatically if the Settlement is approved by the Court. By doing nothing, you will release your legal claims against the Released Parties, and you will be bound by the Settlement.

**Class Counsel:** The Court has appointed Jeffrey Kaliel of KalielGold PLLC and Michael R. Reese of Reese LLP to be the lawyers for the Settlement Class.

**This notice is a summary. More details are in the Settlement Agreement and Long Form Notice at www.XXXXXX.com, or by calling toll-free at 1-XXX-XXX-XXXX.**

Popular Bank Fee Class Action
Settlement Administrator
PO Box XXXX
Portland, OR 97xxx-xxxx

## **Court-Approved Legal Notice**

*Lipsett v. Banco Popular North America*
Case No. 22-cv-3901, S.D.N.Y.

*This is **not** a solicitation from a lawyer.*

**If you have or had a consumer checking account with Popular Bank and were charged an overdraft fee on certain debit card or ATM transactions on or after May 13, 2016, you may be eligible for a cash payment from a class action settlement.**

www.XXXXXXXXXXXXXXX.com
1-XXX-XXX-XXXX

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web: www.xxxxxxxxxx.com*

<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

A $1.5 million settlement has been reached in a class action lawsuit filed against Popular Bank ("Defendant"). Plaintiff Lipsett filed this lawsuit against the Defendant alleging a breach of contract when the Defendant assessed overdraft fees on what are sometimes called "Authorize Positive, Settle Negative Transactions" ("APSN Transactions"). This is where a bank assesses an overdraft fee on a transaction that overdraws the account when it clears, although the transaction was previously authorized against sufficient available funds. The Defendant acknowledges that it assessed overdraft fees on these types of transactions in some instances, but maintains that the account agreement permitted it to do so, and denies any liability. The Defendant denies these legal claims. The Court has not decided who is right.

**You are receiving this Notice because you may be a Settlement Class Member.** You are a "Settlement Class Member" if you come under the following "Settlement Class" definition: "All holders of Popular Bank consumer checking accounts who during the Class Period [May 13, 2016 to Month DD, 2024] were assessed and not refunded an overdraft ("OD") fee in connection with: 1) a debit card or other ATM transaction on their account that was the subject of an authorization made on or before April 15, 2020; and/or 2) a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020.  Provided, however, that OD Fees assessed on or before August 6, 2018, against members of the settlement class in Valle v. Popular Community Bank, Index No. 653936/2012 (N.Y. Sup. Ct.), are not included in these two categories of OD Fees."

**If you are a Settlement Class Member, you do not need to do anything to receive your cash payment.** If the Settlement receives final approval from the Court, you will get your payment automatically, unless you request exclusion from the Settlement Class. Current Accountholders will receive an account credit. Past Accountholders will receive a check. For a jointly held Account of one or more Current Accountholders, payment will be deposited into an account of the primary Accountholder, whether or not such account is jointly held. For a jointly held Account of a Past Accountholder, payment will made by sending a check that will be payable to the primary Accountholder named on the Account and mailed to the last known address for the primary Accountholder.

**What does the Settlement Provide?** As a result of the Settlement, a $1,500,000 Settlement Fund will be established for the Settlement and will be used to pay for: (1) Settlement Administration Costs; (2) the Service Award; and (3) the attorneys' Fee and Cost Award. The amount remaining after these items are paid, if any, is the "Net Settlement Fund." The Net Settlement Fund will then be used to make automatic Settlement Class Member Payments (an account credit or payment by check) to all Settlement Class Members who do not request exclusion from the Settlement Class.

Payments to each Settlement Class Member will be distributed on a pro rata (a legal term meaning equal) basis and calculated as follows: (Net Settlement Fund divided by the Total Amount of Class Fees of Settlement Class Members) x (Total Amount of Class Fees [meaning overdraft fees covered by the Settlement that were assessed to your Account and not refunded] you as an individual Settlement Class Member were charged and paid in connection with the transactions at issue) = Settlement Class Member Payment.

**Opt-Out:** If you want to keep the right to sue or continue to sue the Released Parties for the legal claims in this lawsuit, and you do not want to receive a cash payment from this Settlement, you must take steps to exclude yourself from the Settlement. Your written request for exclusion must be **postmarked** by **Month DD, 20YY**. Details for how to opt-out are available on the Settlement Website. If you do not opt-out, you will give up the right to sue the Released Parties about the legal claims released by the Settlement and you will be bound by the orders and judgment in this lawsuit.

**Object:** If you want to tell the Court why you do not like the Settlement, and you have not excluded yourself, you may take steps to object to the Settlement. If you choose to object, you will still be bound by the Settlement if the Court approves it and you will still receive a cash payment if you are a Settlement Class Member. You must **file** your written objection with the Court by **Month DD, 20YY**. Details for how to object are available on the Settlement Website.

**Final Approval Hearing:** On **Month DD, 20YY**, the Court will consider approving the Settlement, attorneys' fees request of up to 1/3 of the Settlement Fund plus reimbursement of costs and objections. Changes to the hearing date or time will be on the Settlement Website. If you are a Settlement Class Member you or your lawyer may speak at the Final Approval Hearing if you timely file an objection and a Notice of Intent to Appear.

**Do Nothing:** If you do nothing, you may be eligible to receive a cash payment. If you are eligible and do not exclude yourself from the Settlement, you will receive this benefit automatically if the Settlement is approved by the Court. By doing nothing, you will release your legal claims against the Released Parties, and you will be bound by the Settlement.

**Class Counsel**: The Court has appointed Jeffrey Kaliel of KalielGold PLLC and Michael R. Reese of Reese LLP to be the lawyers for the Settlement Class.

**This notice is a summary.  More details are in the Settlement Agreement and Long Form Notice at  www.XXXXXX.com, or by calling toll-free at 1-XXX-XXX-XXXX.**

Exhibit 2 – Long Form Notice

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you have or had a consumer checking account with Popular Bank and you were charged an overdraft fee on certain debit card or ATM transactions on or after May 13, 2016, you may be eligible for a cash payment from a class action Settlement.

**A federal court authorized this Notice. This is not a solicitation from a lawyer.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web: www.xxxxxxxxxx.com*

A $1.5 million settlement has been reached in a class action lawsuit filed against Popular Bank ("Defendant"). The Plaintiff filed this lawsuit against the Defendant alleging a breach of contract when the Defendant assessed overdraft fees on what are sometimes called "Authorize Positive, Settle Negative Transactions" ("APSN Transactions"). This is where a bank assesses an overdraft fee on a transaction that overdraws the account when it clears, although the transaction was previously authorized against sufficient available funds. The Defendant denies these legal claims. The Court has not decided who is right.

You are a "Settlement Class Member" if you come under the following Settlement Class definition:

All holders of Popular Bank consumer checking accounts who during the Class Period were assessed and not refunded an overdraft ("OD") fee in connection with: 1) a debit card or other ATM transaction on their account that was the subject of an authorization made on or before April 15, 2020; and/or 2) a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020.  Provided, however, that OD Fees assessed on or before August 6, 2018, against members of the settlement class in *Valle v. Popular Community Bank*, Index No. 653936/2012 (N.Y. Sup. Ct.), are not included in these two categories of OD Fees.

If you are a Settlement Class Member, you do not need to do anything to receive your cash payment. If the Settlement receives final approval from the Court, you will get your payment automatically. Current Accountholders will receive an account credit. Past Accountholders will receive a check.

**This Notice may affect your rights. Please read it carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **EXCLUDE YOURSELF** | Get no cash payment and keep any right to file your own lawsuit against the Released Parties about the legal claims in this lawsuit that are released by the Settlement. | **Month DD, 20YY** |
| **OBJECT** | Tell the Court why you do not like the Settlement. You will still be bound by the Settlement if the Court approves it, and you will still receive a cash payment if you are a Settlement Class Member. | **Month DD, 20YY** |
| **DO NOTHING** | If you do nothing, you may be eligible to receive a cash payment. If you are eligible and do not exclude yourself from the Settlement, you will receive this benefit automatically if the Settlement is approved by the Court. By doing nothing, you will also release your legal claims against the Released Parties, and you will be bound by the Settlement. | |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

If you have any questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please visit www.xxxxxxxxxx.com or call toll-free at 1-xxx-xxx-xxxx.

**Questions? Call 1-xxx-xxx-xxxx or visit www.xxxxxxxxxx.com**

# BASIC INFORMATION

### 1.  Why is this Notice being provided?

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

The Honorable Judge Margaret M. Garnett of the United States District Court for the Southern District of New York is overseeing this class action. The lawsuit is known as *Lipsett v. Banco Popular North America*, Case No. 22-cv-3901 (S.D.N.Y.). The person who filed the lawsuit is called the "Plaintiff" and the company sued, Popular Bank (formerly known as Banco Popular North America), is called the "Defendant."

### 2.  What is this lawsuit about?

The Plaintiff filed this lawsuit against the Defendant alleging a breach of contract when the Defendant assessed overdraft fees on what are sometimes called "Authorize Positive, Settle Negative Transactions" ("APSN Transactions"). This is where a bank assesses an overdraft fee on a transaction that overdraws the account when it clears, although the transaction was previously authorized against sufficient available funds. The Defendant acknowledges that it assessed overdraft fees on these types of transactions in some instances, but maintains that the account agreement permitted it to do so, and denies any liability. The Court has not decided who is right.

### 3.  What is a class action?

In a class action lawsuit, one or more persons called plaintiffs sue on behalf of other persons that have similar legal claims. The people are a "class" or "settlement class members." In this lawsuit, the person who sued is called the "Plaintiff." The company and people they are suing, Popular Bank, is called the "Defendant." One court resolves the issues for everyone in the class, except for those people who choose to exclude themselves (opt out) from the class.

### 4.  Why is there a Settlement?

The Court has not decided in favor of the Plaintiff or the Defendant. Instead, both sides agreed to a Settlement to avoid the cost and risk of a trial. The Plaintiff and Class Counsel believe the Settlement is best for the Settlement Class and represents a fair, reasonable, and adequate resolution of the lawsuit.

The Defendant denies the legal claims in the lawsuit; denies all allegations of wrongdoing, fault, liability or damage to the Plaintiff and the Settlement Class; and denies they acted improperly or wrongfully in any way. The Defendant nevertheless recognizes the expense and time that would be required to defend the lawsuit through trial and has taken this into account in agreeing to the Settlement.

# WHO IS IN THE SETTLEMENT?

To see if you are eligible for a cash payment, you first have to determine if you are a Settlement Class Member.

| 5.   Am I part of the Settlement? |
| --- |

The Settlement Class includes all Accountholders of Popular Bank consumer checking accounts who during the Class Period (May 13, 2016 to Month DD, 2024) were assessed, and not refunded, an overdraft fee in connection with: (1) a debit card or other ATM transaction on their account on or before April 15, 2020 (regardless of whether the authorization was against positive funds); and/or (2) a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020. If you were a member of the settlement class in the *Valle v. Popular Community Bank*, Index No. 653936/2012 (N.Y. Sup. Ct.) lawsuit, then overdraft fees which you were assessed on or before August 6, 2018, are _not_ included in these two categories of overdraft fees.

The formal definition of the Settlement Class is as follows.

> All holders of Popular Bank consumer checking accounts who during the Class Period were assessed and not refunded an overdraft ("OD") fee in connection with: 1) a debit card or other ATM transaction on their account that was the subject of an authorization made on or before April 15, 2020; and/or 2) a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020.  Provided, however, that OD Fees assessed on or before August 6, 2018, against members of the settlement class in *Valle v. Popular Community Bank*, Index No. 653936/2012 (N.Y. Sup. Ct.), are not included in these two categories of OD Fees.

You are excluded from being a Settlement Class Member if you are (a) the Defendant, its parents, subsidiaries, affiliates, officers, and directors; (b) all Settlement Class members who make a timely election to opt out; and (c) all judges assigned to this litigation and their immediate family members.

| 6.   What if I am still not sure whether I am part of the Settlement? |
| --- |

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.xxxxxxxxxx.com or call 1-xxx-xxx-xxxx.

## THE SETTLEMENT BENEFITS – WHAT YOU CAN GET

| 7.   What does the Settlement provide? |
| --- |

As a result of the Settlement, a $1,500,000 Settlement Fund will be established for the Settlement and will be used to pay for: (1) Settlement Administration Costs; (2) the Service Award; and (3) the attorneys' Fee and Cost Award. The amount remaining after these items are paid, if any, is the "Net Settlement Fund." The Net Settlement Fund will then be used to make automatic Settlement Class Member Payments (an account credit or payment by check) to all Settlement Class Members who do not request exclusion from the Settlement Class.

| 8.   How will the amount of the cash payments be determined? |
| --- |

Payments to each Settlement Class Member will be distributed on a pro rata (a legal term meaning equal) basis and calculated as follows:

(Net Settlement Fund divided by the Total Dollar Amount of Class Fees of Settlement Class Members) x (Total Dollar Amount of Class Fees [meaning overdraft fees covered by the Settlement that were assessed to your Account and not refunded] you as an individual Settlement Class Member were charged and paid in connection with the transactions at issue) = Settlement Class Member Payment.

## HOW TO GET BENEFITS FROM THE SETTLEMENT

### 9.  Do I have to file a claim to receive a cash payment?

No. If the Settlement is approved, a cash payment will be made automatically to you as a Settlement Class Member, unless you request exclusion from the Settlement Class. Current Accountholders with Popular Bank at the time cash payments are made will be automatically credited the cash payment with a deposit to their account. Past Accountholders will automatically be sent a check for their cash payment. You do not need to file a claim to receive a cash payment.

For a jointly held Account of one or more Current Accountholders, payment will deposited into an account of the primary Accountholder, whether or not such account is jointly held. For a jointly held Account of a Past Accountholder, payment will made by sending a check that will be payable to the primary Accountholder named on the Account and mailed to the last known address for the primary Accountholder.

### 10. When will I receive my cash payment?

The Court will hold a Final Approval Hearing on **Month, DD, 20YY** (which is subject to change), to decide whether to finally approve the Settlement. Even if the Court finally approves the Settlement, there may be appeals. The appeal process can take time, perhaps more than a year. You will not receive a cash payment until any appeals are resolved. Please be patient and check www.xxxxxxxxx.com for updates.

### 11. What am I giving up to receive a cash payment from the Settlement?

Unless you exclude yourself ("opt out") from being a Settlement Class Member by timely submitting a request for exclusion, you will remain a Settlement Class Member. This means as a Settlement Class Member you cannot sue, continue to sue or be part of any other lawsuit against the Released Parties about the legal issues in this lawsuit. It also means the Court's orders and any judgments will apply to you and legally bind you and that you will release the legal claims detailed in the Settlement Agreement. The Release is provided in the Settlement Agreement in Section 13 in necessary legal terminology. The Settlement Agreement is available at www.xxxxxxxxxx.com.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have lawyers in this case?

Yes, the Court has appointed lawyers of Jeffrey Kaliel of KalielGold PLLC and Michael R. Reese of Reese LLP to represent you and the other Settlement Class Members. The lawyers are called Class Counsel. They are experienced in handling class action lawsuits. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense, but you do not need to.

| Michael R. Reese | Jeffrey Kaliel |
| --- | --- |
| Reese LLP | KALIELGOLD PLLC |
| 100 West 93rd Street, 16th Floor | 1100 15th Street, N.W., 4th Floor |
| New York, New York 10025 | Washington, D.C. 20005 |

### 13. How will the lawyers be paid?

Class Counsel will request an attorneys' Fee and Cost Award of up to one-third of the Settlement Fund plus reimbursement of costs. In addition, Class Counsel will request the Court approve a Service Award for the Class Representative (Frankie Lipsett) up to $10,000 for their efforts in pursuing this lawsuit. If awarded by the Court, the attorneys' Fee and Cost Award and the Service Award will be paid from the Settlement Fund. The Court may award less than these amounts for the attorneys' Fee and Cost Award and Service Award.

## YOUR RIGHTS – EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue the Released Parties for the legal claims in this lawsuit, and you do not want to receive a cash payment from this Settlement, you must take steps to exclude yourself from the Settlement. This is called "excluding yourself"—or is sometimes referred to as "opting out" of the class.

### 14. How do I exclude myself from the Settlement Class?

To exclude yourself from the Settlement, you must mail a written request for exclusion, which includes the following:

- o   Your name and current mailing address;
- o   Your bank account number(s) or sufficient information to identify your bank account(s);
- o   Your physical signature; and
- o   A clear statement that you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the Settlement Class in *Lipsett v. Banco Popular North America*."

The exclusion request must be mailed to the Settlement Administrator at the following address, and **postmarked** by **MONTH DD, 20YY**:

Popular Bank Fee Class Action
Opt-Out Requests
P.O. Box xxxx
Portland, OR 97xxx-xxxx

**If an Account has more than one Accountholder, and one Accountholder opts out, then all Accountholders on that Account are considered to have opted-out and will not receive a cash payment.**

You cannot opt out (exclude yourself) by telephone or email.

"Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where an opt out has not been signed by each and every individual Settlement Class Member will not be allowed.

| 15. If I exclude myself, can I get anything from this Settlement? |
|---|

If you choose to exclude yourself from the Settlement, you are telling the Court that you do not want to be a Settlement Class Member and you will not be bound by the Settlement or any judgment in this lawsuit.

You can only get a cash payment if you remain a Settlement Class Member. If you remain a Settlement Class Member, you will be bound by the Settlement or any judgment in this lawsuit.

If you choose to exclude yourself from the Settlement, you are not giving up the right to sue the Released Parties for the legal claims this Settlement resolves and releases. You must exclude yourself as a Settlement Class Member to start or continue with your own lawsuit about the legal claims involved in this Settlement.

## YOUR RIGHTS – OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 16. How do I object to the Settlement? |
|---|

Any Settlement Class Member who does not submit a request for exclusion from the Class may object to the Settlement.

Your objection must contain the following:

- Your full name, current address, telephone number, and email address (if any);
- Information identifying you as a Settlement Class Member, including evidence that you are a Settlement Class Member;
- A written statement of the specific legal and factual bases for the objection, accompanied by any legal support for the objection you believe is applicable;
- The identity of any lawyer representing or assisting you as an objector, if any, and a statement indicating whether they will appear at the Final Approval Hearing;
- A statement indicating whether you intend to appear and/or testify at the Final Approval Hearing;
- A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);
- Your signature as the objector and the signature of your duly authorized lawyer or other duly authorized representative, along with documentation of the representation (if any);
- A list, by case name, court, and docket number, of any cases in which you directly or through a lawyer have filed an objection to any proposed class action settlement within the last three years; and
- A list, by case name, court, and docket number, of all other cases you have been a named plaintiff or served as a class representative in any class action.

If your objection is made by or through a lawyer, the written objection must also include:

- The identity and number of Settlement Class Members represented by the lawyer;
- The identity and number of such represented Settlement Class Members who have opted out of the Settlement Class; and

**Questions? Call 1-xxx-xxx-xxxx or visit www.xxxxxxxxxx.com**
6

- The identity and number of such represented Settlement Class Members who remained in the Settlement Class and have not objected.
- If the lawyer intends to seek fees and expenses from anyone other than the objector they represent, the lawyer must also file with the Court and serve upon Class Counsel and Popular Bank's Counsel, not later than 15 days before the Final Fairness Hearing or as the Court may otherwise direct, a document containing the following: (i) the amount of fees sought by the lawyer for representing the objector and the factual and legal justification for the fees being sought; (ii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iii) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (iv) the lawyer's hourly rate.

If you or your lawyer fail to make an objection in the manner specified in this section you will have waived any objections and will be prevented from making any objection to the Settlement (whether by appeal, or otherwise).

Your written objection must be **filed** with the Court by **Month DD, 20YY**, with copies to Class Counsel and Defendant's Counsel at the following addresses:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>Hon. Margaret M. Garnett<br>United States District Court,<br>Southern District of New York<br>40 Foley Square<br>New York, NY 10007 | Jeffrey Kaliel<br>KALIELGOLD PLLC<br>1100 15th Street NW, 4th Floor<br>Washington, D.C. 20005<br><br>Michael R. Reese<br>REESE LLP<br>100 West 93rd Street, 16th Floor<br>New York, NY 10025 | Michael H. Kider<br>Michael Y. Kieval<br>WEINER BRODSKY KIDER PC<br>1300 19th Street NW, 5th Floor<br>Washington, D.C. 20036 |

Any objection to the Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own lawyer. If you appear through your own lawyer, you are responsible for hiring and paying your lawyer.

## 17. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you remain a Settlement Class Member (meaning you do not exclude yourself). Excluding yourself is telling the Court that you do not want to be a Settlement Class Member. If you exclude yourself, you cannot object because the Settlement no longer affects you.

# YOUR RIGHTS – THE FINAL APPROVAL HEARING

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement. You may attend and you may ask to speak if you file an objection and a Notice of Intent to Appear by the deadline, but you do not have to.

## 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at **X:XX am/pm** on **Month DD, 20YY**, at the United States District Court, Southern District of New York, 40 Foley Square, New York, NY 10007. If you

or your lawyer would like to speak at the hearing, you must file an objection and a Notice of Intent to Appear at the Final Fairness Hearing by **Month DD, 20YY**.

Note: The date and time of the Final Approval Hearing are subject to change without further notice to the Settlement Class. The Court may also decide to hold the hearing electronically or by telephone. You should check the Settlement Website www.xxxxxxx.com to confirm the date and time of the Final Approval Hearing have not changed.

At the hearing, the Court will consider whether the Settlement is final, fair, reasonable, and adequate. If there are objections that were **filed** with the Court by the deadline, the Court will consider them. If you submit a timely objection and Notice of Intent to Appear, and you would like to speak at the hearing, the Court will also listen to you or your lawyer speak at the hearing, if you so request.

If the Court approves the Settlement, cash payments will be provided after any appeals are resolved. Please be patient. The Settlement Website, www.xxxxxxxxxx.com, will be updated to provide Settlement Class Members with updated information.

| **19. Am I required to attend the Final Approval Hearing?** |
|---|

You may attend the Final Approval Hearing, but you are not required to do so. If you submit an objection and a Notice of Intent to Appear, you may (but are not required to) speak at the Final Approval Hearing. You may also pay your own lawyer to attend or discuss your objection, but that is not necessary.

| **20. May I speak at the Final Approval Hearing?** |
|---|

Yes, as long as you do not exclude yourself, and you submit an objection and a Notice of Intent to Appear, you or your lawyer can (but do not have to) participate and speak in this lawsuit and Settlement. This is called making an appearance. You also may have your own lawyer speak for you at the hearing, but you will have to pay for the lawyer yourself.

If you or your lawyer would like to speak at the hearing, you must deliver to Class Counsel and Defendant's Counsel and have file with the Court, a Notice of Intent to Appear by **Month DD, 20YY.**

The Notice of Intent to Appear must:

- State how much time you or your lawyer need to present your objection;
- Identify by name, address, and telephone number, all witnesses you propose to have testify (if any);
- Summarize in detail the testimony of all witnesses (if any);
- Identify all exhibits you or your lawyer intend to offer in support of your objection; and
- Attach complete copies of all exhibits.

## IF YOU DO NOTHING

| **21. What happens if I do nothing at all?** |
|---|

If you are a Settlement Class Member and you do nothing, you will automatically receive a cash payment if the Court finally approves the Settlement. You will give up your rights as explained in the "Excluding Yourself from the Settlement" section of this Notice, including your right to start a

lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties about the legal claims that are released by the Settlement Agreement. You will be bound by the Settlement and any judgments.

| **22. How do I get more information about the Settlement?** |
|---|

This Notice summarizes the Settlement. More details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.xxxxxxxxxx.com, by calling 1-xxx-xxx-xxxx, or by writing to:

Popular Bank Fee Class Action
Settlement Administrator
P.O. Box xxxx
Portland, OR 97xxx-xxxx

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE REGARDING THIS NOTICE OR THE SETTLEMENT.**

# Exhibit 3 – Proposed Preliminary Approval Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKIE LIPSETT,<br><br>    Plaintiff,<br><br>vs.<br><br>BANCO POPULAR NORTH AMERICA d/b/a<br>POPULAR COMMUNITY BANK,<br><br>    Defendant. | Civil Action No. 1:22-cv-03901-MMG |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiff Frankie Lipsett, on his own behalf and on behalf of the Settlement Class he represents, have applied for an order, pursuant to Federal Rule of Civil Procedure 23, preliminarily approving the Settlement Agreement ("Agreement") and Releases entered into between Plaintiff, individually and on behalf of the proposed Settlement Class, and Defendant Banco Popular North America ("Popular Bank"), and this Court having reviewed the Agreement as submitted to the Court with the Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval");

WHEREAS, this Preliminary Approval Order incorporates the Agreement, and its exhibits, and the terms used herein shall have the same meaning and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

IT IS HEREBY ORDERED as follows:

1

1.      The Court finds that the Agreement proposed by the Parties is fair, reasonable, and adequate and likely to be approved at a final approval hearing such that giving notice is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein.  The Settlement meets the considerations set forth in the amended Rule 23(e).

2.      The Settlement was negotiated and appears to be the result of extensive, arm's length negotiations between the Parties after Class Counsel and Popular Bank's Counsel had investigated the claims, sufficiently litigated the claims, and become familiar with the strengths and weaknesses of the claims. The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3.      The Court finds that it will likely certify at the final approval stage the Settlement Class, for purposes of the Settlement only, consisting of:

> All holders of Popular Bank consumer checking accounts who during the Class Period were assessed and not refunded an overdraft ("OD") fee in connection with: 1) a debit card or other ATM transaction on their account that was the subject of an authorization made on or before April 15, 2020; and/or 2) a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020.  Provided, however, that OD Fees assessed on or before August 6, 2018, against members of the settlement class in *Valle v. Popular Community Bank*, Index No. 653936/2012 (N.Y. Sup. Ct.), are not included in these two categories of OD Fees.

> Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to opt out; and all judges assigned to this litigation and their immediate family members.

4.      For purposes of the Settlement only, the Court finds that this Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are

questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent him and the other members of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Settlement Class.

5.    For purposes of the Settlement only, the Court finds and determines that it will likely find at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(1), that Plaintiff Frankie Lipsett will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and therefore appoints him as the Class Representative.

6.    For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement: Michael R. Reese of Reese LLP and Jeffrey Kaliel of KalielGold PLLC.

7.    Epiq Class Action & Claims Solutions, Inc., is appointed as Settlement Administrator and shall administer the Notice Plan. The Settlement Administrator shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

8.    Pursuant to the 2018 amendment to Federal Rule Civil Procedure 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the class representative and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

3

(C) the relief provided for the classes is adequate, taking into account:

    (i)   the costs, risks, and delay of trial and appeal;

    (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;

    (iii)   the terms of any proposed award of attorneys' fees, including timing of payment; and

    (iv)   any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

9.    Having reviewed the proposed Notice Plan, including the proposed Postcard Notice, Email Notice, and Long Form Notice submitted by the Parties as Exhibits 1 and 2 to the Agreement, the Court approves, as to form and content, such Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of the Members of the Settlement Class. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing. Not all Settlement Class Members will receive all forms of Notice, as detailed in the Agreement.

10.    The Court directs the Settlement Administrator to cause a copy of the Email Notice or Postcard Notice to be sent to all Settlement Class Members in accordance with the Notice Plan. The Notice Plan shall be completed no later than 60 days before the Final Approval Hearing.

11.    The Email Notice, Postcard Notice, and Long Form Notice shall be updated by the Settlement Administrator to include the Final Approval Hearing date and time as set forth below. The Court finds and determines Email Notice and Postcard Notice pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

12.    Any person falling within the definition of the Settlement Class may, upon request, be excluded or opt-out from the Settlement Class.  In the event a Settlement Class Member wishes to be excluded from the Settlement and not to be bound by this Agreement, that person must sign and mail a notice of intention to opt-out of the Settlement to the Settlement Administrator, addressed to "Popular Bank Fee Class Action, Opt-Out Requests" at the Settlement Administrator's address as shown in the Class Notice.  The notice must be postmarked on or before the last day of the Opt-Out Deadline including the Accountholder's original signature, current postal address, and sufficient information to identify the relevant bank account(s) owned by the proposed Settlement Class Member such as:  the Account Holder's name, address, the last four digits of the account number of the Popular Bank Account(s); and, a specific and affirmative statement that the individual would like to opt-out or be excluded, or other words clearly indicating a desire to no longer participate in the Settlement.  Any member of the Settlement Class who timely and properly requests exclusion in compliance with these requirements will thereafter be excluded from the Settlement Class, will not become a Settlement Class Member, will not have any rights under the Settlement, will not be entitled to receive a Settlement Class Member Payment, and will not be bound by the Agreement or the Final Approval Order.  Any members of the Settlement Class who fail to submit a valid and timely opt-out request shall be bound by all terms of the Agreement

5

and the Final Approval Order, regardless of whether they have otherwise requested to be opted-out from the Settlement.  If an Account has more than one Accountholder, and if one Accountholder excludes himself or herself from the Settlement Class, then all Accountholders on that account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Accountholder shall be entitled to a payment under the Settlement.

13.     Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and costs, or the Service Award for the Class Representative, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph.  Only a Settlement Class Member may file an objection.  No Settlement Class Member or other person will be heard on such matters unless they have filed with the Court, and served on the Parties by U.S. Mail or private courier (*e.g.*, FedEx), a written objection (together with any briefs, papers, statements, or other materials that the Settlement Class Member or other person wishes the Court to consider) on or before the last day of the Opt-Out Deadline, as set forth in the Notices.  Any objection must state:  (a) the name of the Action; (b) the objector's full name and information sufficient to identify the objector as a Settlement Class Member, address, e-mail address (if any), and telephone number; (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or the objector's counsel; (d) the number of times the objector has objected to a class action settlement in the past five years, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or

6

Class Counsel's application for attorneys' fees, costs and expenses and for a Service Award for the Class Representative; (f) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (g) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any Person) has filed an objection to any proposed class action settlement within the last 3 years; (h) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative; (i) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (j) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (k) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (l) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing, and (m) the objector's signature and signature of any duly authorized attorney or representative along with documentation setting forth such representation (an attorney's signature in lieu of the objector's is not sufficient).  Service upon Class Counsel and Popular Bank counsel is required. The Parties may file any briefs in response to any objection on or before 15 days prior to the date of the Final Approval Hearing.  Class Counsel and/or Popular Bank may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.

14.     If the objection is made by or through an attorney, the written objection must also include: (a) the identity and number of the Settlement Class Members represented by objector's counsel; (b) the identity and number of such represented Settlement Class members who have opted out of the Settlement Class; and (c) the identity and number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected.  If the attorney

7

intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve upon Class Counsel and Popular Bank's Counsel, not later than 15 days before the Final Fairness Hearing, a document containing the following: (i) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (ii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iii) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (iv) the attorney's hourly rate.

15.    Any Settlement Class Member who does not make his or her objections in the manner and by the date set forth above of this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

16.    Prior to the Final Approval Hearing, (i) Class Counsel shall file with the Court and serve on all Parties an affidavit or declaration of the Settlement Administrator certifying that the Notice Plan was completed and providing the name of each Settlement Class member who timely and properly requested exclusion from the Settlement Class; and (ii) Popular Bank shall file with the Court and serve on all Parties a declaration certifying that notice was provided to the appropriate government entities in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

17.    All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

18.    Upon the entry of this Order, the Class Representative and all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims against

Popular Bank and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

19.     This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by Popular Bank of any liability or wrongdoing by Popular Bank or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the conduct alleged in the Actions or that the cases were properly brought as class actions, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the conduct alleged in the Actions. Popular Bank may file the Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     In the event that (a) this Court does not grant Final Approval of the Settlement as provided in the Agreement; (b) this Court does not enter the Final Approval Order in all material respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement does not become final for any other reason, the Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be vacated *nunc pro tunc*.  In such a case, the Parties shall proceed in all respects as if the Agreement had not been executed and the Parties shall in no way be prejudiced in proceedings with or defending the Action, the provisional class certification effected herein will be null and void, and Popular Bank shall have the right to oppose and object, on any and all grounds, to certification of the Settlement Class or any other class at any future time.

21.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this

Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

22.     Class Counsel and Popular Bank's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

23.     A Final Approval Hearing will be held in Courtroom 906 at the United States District Court for the Southern District of New York, 40 Foley Square, in New York, New York, on _____, 2024 at _____ to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Class Representative; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Parties must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Class Representative, no later than 45 days before the date set forth herein for the Final Approval Hearing.

24.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If a Settlement Class Member does not enter an appearance, they will be represented by Settlement Class Counsel.

25.     The Court hereby sets the following schedule of events:

| Event | Calendar Days Before Final Approval Hearing |
|---|---|
| **Notice Plan Complete (including Initial Mailed Notice and the Notice Re-Mailing Process)** | _____ <br> (60 days before Final Approval Hearing) |
| **Motion for Final Approval, Application for Attorneys' Fees, Expenses and Costs, and for a Service Award** | _____ <br> (45 days before Final Approval Hearing) |
| **Opt-Out Deadline** | _____ <br> (30 days before Final Approval Hearing) |
| **Deadline to Submit Objections** | _____ <br> (30 days before Final Approval Hearing) |
| **Deadline to Respond to Objections** | _____ <br> (15 days before Final Approval Hearing) |
| **Final Approval Hearing** | (No less than 150 days after Prelim. Approval Order) |

**IT IS SO ORDERED.**

**DATED: _____, 2024**

                                                     _____
Hon. Margaret M. Garnett
UNITED STATES JUDGE