Case 1:22-cv-03901-MMG   Document 62   Filed 01/07/25   Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/7/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKIE LIPSETT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>BANCO POPULAR NORTH AMERICA,<br><br>    Defendant. | Case No.: 1:22-cv-03901-MMG |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
FINAL CERTIFICATION OF THE SETTLEMENT CLASS;
PAYMENT OF ATTORNEY FEES AND REIMBURSEMENT OF COSTS TO CLASS COUNSEL;
PAYMENT OF A SERVICE AWARD TO THE CLASS REPRESENTATIVE,
AND ENTERING JUDGMENT**

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Final Approval of Class Action Settlement; Final Certification of the Settlement Class; Payment of Attorney Fees and Reimbursement of Costs to Class Counsel; and, Payment of a Service Award to the Class Representative is **GRANTED** in its entirety. The Court, having carefully reviewed the record in the case and the evidence submitted by Plaintiff and Class Counsel, and after holding a hearing on January 7, 2025, to determine whether the Settlement should be approved as fair, reasonable and adequate to the Settlement Class, orders as follows:

    1.    The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.[1] The Court also has personal jurisdiction over the Parties and Settlement Class Members.

---

[1] All capitalize terms have the same meaning as capitalize terms in the Definitions section of the Settlement Agreement. See ECF No. 49, pp. 3-11.

1

2. The Settlement was entered into in good faith following arm's-length negotiations by experienced counsel with the supervision of a respected mediator and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, in the best interests of the Settlement Class, satisfies Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4. This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief. The Court finds that the Settlement is, in all respects, fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members, who have not opted-out, are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof shall be deemed incorporated herein, as if explicitly set forth herein, and shall have the full force of an order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7. No objections were filed by Settlement Class Members.

8. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9. No Settlement Class Members have timely and validly elected to opt-out of the Settlement and Settlement Class.

## CLASS CERTIFICATION

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All holders of Popular Bank consumer checking accounts who during the Class Period were assessed and not refunded an overdraft ("OD") fee in connection with: 1) a debit card or other ATM transaction on their account that was the subject of an authorization made on or before April 15, 2020; and/or 2) a debit card or other ATM transaction that was authorized against positive funds on or after April 16, 2020. Provided, however, that OD Fees assessed on or before August 6, 2018, against members of the settlement class in *Valle v. Popular Community Bank*, Index No. 653936/2012 (N.Y. Sup. Ct.), are not included in these two categories of OD Fees.
>
> Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors; all Settlement Class members who make a timely election to opt out; and all judges assigned to this litigation and their immediate family members.

11. The Court determines that for settlement purposes, the Settlement Class meets all the requirements of Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Settlement Class Representative are typical of the other Settlement Class Members; the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class, as he has no interests antagonistic to or in conflict with the Settlement Class, and has retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

12. The Court grants Final Approval to the appointment of Plaintiff Frankie Lipsett as the Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

13. The Court re-affirms the appointment, pursuant to Rule 23(g), of Michael R. Reese of Reese LLP and Jefrrey Kaliel of KalielGold PLLC as Class Counsel.

## NOTICE OF THE SETTLEMENT CLASS

14. The Court finds that the Notice program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due and sufficient Notice to the Settlement Class of the pendency of the action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and all other applicable laws.

15. The Court finds that Defendant has fully complied with the Notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

## PAYMENT OF ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL, AND PAYMENT OF THE SERVICE AWARD TO THE CLASS REPRESENTATIVE FRANKIE LIPSETT

16. Class Counsel are entitled to payment of attorneys' fees and expenses under Federal Rules of Civil Procedure Rule 23(h) in the amount of $500,000 in fees and $7,505.39 in expenses, which is fair and reasonable in light of the result obtained, the time and labor devoted to the case by Class Counsel, the skill, experience, reputation and ability of Class Counsel, the contingent nature of the fee requested, the hours spent and hourly rate of Class Counsel, the costs incurred by Class Counsel, a consideration of comparable settlements in other bank fee class actions, and the overwhelmingly favorable reaction of the Settlement Class. These attorneys' fees and costs shall be paid from the Settlement Fund in accordance with the Settlement.

17. The Court grants Class Counsel's request for a Service Award of $10,000 to Frankie Lipsett for his service as the Class Representative. The Court finds that this payment is justified by Plaintiff's service to the Settlement Class. This Service Award shall be paid from the Settlement Fund in accordance with the Settlement.

## RELEASE OF CLAIMS

18. The Court holds, orders and adjudges that, in exchange for the promises and benefits conferred upon them by the Settlement, the Releasing Parties have fully and finally released and discharged the Released Parties of and from Released Claims.

19. All the terms of the Settlement Agreement, including but not limited to the Release described in paragraph 1.38 of the Settlement, are binding on all Settlement Class Members and all Releasing Parties. That Release is included in this final judgment so that all released claims and rights are barred by res judicata, collateral estoppel, and claim and issue preclusion.

20. The Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party.

## APPROVAL OF CAFA NOTICES

21. Defendant Popular Bank has complied with 28 U.S.C. § 1715 and Section 5.4 of the Settlement Agreement by sending a Notice of Proposed Class Action Settlement to all required federal and state officials. That Notice was served timely and properly and is valid and effective.

## CONTINUING JURISDICTION

22. The Court retains exclusive jurisdiction over this Settlement Agreement, including the administration and consummation of the Settlement.

## **DISMISSAL WITH PREJUDICE**

23. As to the Released Parties, this Action is dismissed with prejudice and, except for as provided herein, without award of costs. There is no just reason for delay, and pursuant to Federal Rule of Civil Procedure 54(b), the Court directs that this judgment of dismissal as to Popular Bank is final and that it be entered immediately by the Clerk of the Court.

24. NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure. The Clerk is ordered to close this case.

The Clerk of Court is respectfully directed to terminate Dkt. No. 55.

**IT IS SO ORDERED.**

**DATED: January _7_, 2025**          _____
                                       Hon. Margaret M. Garnett
                                       UNITED STATES DISTRICT JUDGE